UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND JACKSON,

    Plaintiff,

v.

CHRYSLER GROUP LLC,

    Defendant.
_____/

Case No. 14-12112

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court are the parties' cross-motions for summary judgment. For the reasons explained below, Plaintiff's motion is denied and Defendant's motion is granted.

**BACKGROUND FACTS**

Plaintiff Raymond Jackson is an employee of Defendant FCA US LLC ("FCA"), formerly known as Chrysler Group. Jackson holds the position of Team Member Support at the Jefferson North Assembly Plant, a union unskilled position on the assembly line. Jackson, who is of African-American descent and in his late fifties, contends that he was not hired for two jobs he applied for in 2013 because of his age and race.

On February 5, 2013, Jackson applied for a Millwright position through FCA's external careers website. FCA contends that Jackson was not considered for the position because he did not follow the proper application procedure; he applied through a site for external candidates instead of through his local human resources department. Because he indicated that he was a current FCA employee on the external careers website, his application was automatically stopped and not processed further. Def.'s Ex. D. Jackson was not considered for the Millwright position.

On September 11, 2013, Jackson applied for a Die Maintenance Supervisor position, also through the external careers website. Jackson also was not considered for the Die Maintenance Supervisor position, because FCA contends that he again did not follow the proper application procedure.

FCA further contends that Jackson was not qualified for either position. The Millwright position requires a U.S. Department of Labor Completion of Apprenticeship Certificate as a Millwright or eight years of experience as a Millwright. The Die Maintenance Supervisor position requires the applicant to have a bachelor's degree or be a journeyman die maker and to have three years of die experience. Jackson's resume and deposition testimony confirm that he is not a journeyman millwright or die maker, does not have a bachelor's degree, and does

not have eight years of experience as a millwright or three years experience as a die maker. Def.'s Ex. A at 106-108, 110, 121-23; Def.'s Ex. G.

Jackson filed an EEOC charge contending that he was not hired for the Millwright and Die Maintenance Supervisor positions because of his race and age. The EEOC issued a right to sue letter on April 3, 2014. Jackson filed this action on May 28, 2014.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II. Analysis under Title VII and ADEA

Jackson contends that FCA discriminated against him in violation of Title

VII and the Age Discrimination in Employment Act. See 42 U.S.C. § 2000e-2; 29 U.S.C. § 623. A plaintiff may establish a prima facie case under Title VII and the ADEA by presenting direct evidence of discrimination or by presenting circumstantial evidence satisfying the McDonnell-Douglas burden-shifting paradigm. See, e.g., Kline v. Tenn. Valley Auth., 128 F.3d 337, 348 (6th Cir. 1997); Hendrick v. Western Reserve Care Sys., 355 F.3d 444, 459 (6th Cir. 2004). Jackson does not present direct evidence of discrimination here. See United States ex rel. Diop v. Wayne County Community College Dist., 242 F. Supp.2d 497, 510 (E.D. Mich. 2003) ("Direct proof of discriminatory animus . . . includes such things as racial slurs and comments about a person's age or gender made by decision makers.").

Accordingly, Jackson must satisfy the following elements: (1) he is a member of a protected group; (2) he was subject to an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated employees outside the protected group. Russell v. University of Toledo, 537 F.3d 596, 604 (6th Cir. 2008).

Once a plaintiff has established a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action. Russell, 537 F.3d at 604. If the employer satisfies its burden,

the plaintiff must demonstrate that the employer's reason is a pretext to hide unlawful discrimination. Id. To establish pretext, a plaintiff must show "either (1) that the proffered reasons had no basis *in fact,* (2) that the proffered reasons did not *actually* motivate [the employment action], or (3) that they were *insufficient* to motivate [the employment action]." Id. (citing Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994)).

Plaintiff has not set forth a prima facie case of race or age discrimination. He has not demonstrated that he was objectively qualified for either the Millwright or Die Maintenance Supervisor positions. Although Plaintiff argues the he is qualified for the positions, he has not presented objective evidence that he meets the qualifications. Plaintiff's subjective belief the he is qualified is insufficient. See Chappell v. GTE Prods. Corp., 803 F.2d 261, 268 (6th Cir. 1986) ("Mere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination.").

Even if Plaintiff were able to present a prima facie case, he has not demonstrated that FCA's reasons for not promoting him – that he did not follow the correct application procedure and that he was not qualified – are mere pretexts for discrimination. Plaintiff has no evidence that race or age were a factor in FCA's hiring decisions or that the job qualifications themselves were

discriminatory. Rather, Plaintiff relies upon conclusory allegations and unsupported beliefs, which are insufficient to avoid summary judgment. The fact that FCA did not offer the jobs to internal candidates and required a certain application procedure, without more, does not raise an inference of discrimination. See Diop, 242 F. Supp.2d at 515 ("[C]onclusory allegations and subjective beliefs are insufficient evidence to establish a claim of discrimination as a matter of law.").

Plaintiff suggests that FCA's selection procedures have a disparate impact on minorities, because the Jefferson North plant as a whole is "approximately 80% minority," whereas the skilled trades employees are "approximately 80% American of European descent." Aside from the fact that Plaintiff has not pleaded disparate impact discrimination in his complaint, Plaintiff has not provided evidence supporting such a claim. Plaintiff has not identified an employment practice used by FCA that has caused an adverse disparate impact on African-American employees, nor has Plaintiff presented statistical evidence of the alleged disparate impact. See Grant v. Metropolitan Gov't of Nashville & Davidson Cty., Tenn., 446 F. App'x. 737, 741 (6th Cir. 2011).

Plaintiff has failed to present evidence suggesting that he was not chosen for the Millwright and Die Maintenance Supervisor positions because of his race or

age. As a result, the court will grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's April 6, 2015 motion for summary judgment is GRANTED. Judgment will be entered in favor of Defendant.

IT IS FURTHER ORDERED that Plaintiff's April 13, 2015 motion for summary judgment is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: July 15, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 15, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager